# UNITED STATES DISTRICT COURT
for the
District of Columbia

| United States of America | ) | |
|---|---|---|
| v. | ) | NDOH 1:21 MJ 9021 |
| Christine Priola | ) | Case No.  21 MJ 53 |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

*Defendant(s)*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __January 6, 2021__ in the county of _____ in the _____ District of __Columbia__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 1752 (a)(1) | Knowingly Entering or Remaining in any Restricted Building or Grounds Without Lawful Authority |
| 40 USC 5104(e)(2)(A) and (D) | Violent Entry and Disorderly Conduct on Capitol Grounds |
| 40 U.S.C. 5104(f) | Unlawful Activities on Capitol Grounds, Parades, Assemblages and Display of Flags |

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT

☑ Continued on the attached sheet.

_____
*Complainant's signature*

David M. Kasulones, Deputy U.S. Marshal
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by Telephone (specify reliable electronic means).

Date:  01/13/2021

_____
G. Michael Harvey
2021.01.13 21:43:05 -05'00'
*Judge's signature*

City and state:  Washington, District of Columbia      United States Magistrate Judge G. Michael Harvey
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, David Kasulones, a Deputy United States Marshal with the United States Marshals Service, Cleveland, Ohio, being duly sworn, depose and state as follows:

## AGENT BACKGROUND

1. I am an investigative or law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7); that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, the offenses enumerated in 18 U.S.C § 2516. I have been trained in advanced investigative techniques and have satisfied all requirements defined by the Federal Criminal Investigator Classification series established by the U.S. Office of Personnel Management.

2. I am a Deputy Marshal with the United States Marshal Service (USMS), Department of Justice (DOJ), and as such, am an investigative or law enforcement officer of the United States within the meaning of Rule 41(a)(2)(C) of the Federal Rules of Criminal Procedure. I am engaged in the enforcement of criminal laws and is within the category of officers authorized by the Attorney General to request and execute search warrants pursuant to Title 18 U.S.C. §§3052 and 3107; and DOJ Regulations set forth at Title 28 C.F.R. §§ 0.85 and 60.2(a).

3. I have been a Deputy U.S. Marshal since June 1994 and attained a Bachelor of Science Degree from Cleveland State University in Cleveland, Ohio. I have successfully completed training at the Federal Law Enforcement Training Center to include: USMS Basic Deputy U.S. Marshal Training, Federal Criminal Investigator Training, Advanced Deputy U.S. Marshal Training, and USMS Supervisory and Leadership Training. I also successfully attended training at the Federal Bureau of Investigation (FBI), in Quantico, Virginia for the Basic Joint Terrorism Task Force Training Program. As such, I am assigned as a Task Force Officer (TFO)

with the FBI's Counterterrorism Division in Cleveland, Ohio. I have conducted numerous federal criminal investigations and assisted in numerous prosecutions.

4. Over the course of my employment as a Deputy U.S. Marshal, I have conducted and participated in multiple criminal investigations that have resulted in arrests for criminal offenses. These crimes resulted in subsequent convictions in Federal Courts.

## PURPOSE OF AFFIDAVIT

5. This affidavit is being submitted for the limited purpose of establishing probable cause to believe that CHRISTINE PRIOLA has violated Title 18 U.S.C. § 1752, Restricted Buildings or Grounds; Title 40 U.S.C. § 5104(e)(2)(A) and (D), Unlawful Activities on Capitol Grounds; Disorderly Conduct; and Title 40 U.S.C. § 5104(f), Unlawful Activities on Capitol Grounds, Parades, Assemblages and Display of Flags, as set forth below:

   a. Title 18 U.S.C. § 1752(a)(2): Restricted Building or Grounds; Whoever knowingly, and with intent to impede or disrupt the orderly conduct of Government business or official functions, engages in disorderly or disruptive conduct in, or within such proximity to, any restricted building or grounds when, or so that, such conduct, in fact, impedes or disrupts the orderly conduct of Government business or official functions;

   b. Title 40 U.S.C. § 5104(e)(2): Unlawful Activities on Capitol Grounds; An individual or group of individuals may not willfully and knowingly (A) enter or remain on the floor of either House of Congress or in any cloakroom or lobby adjacent to that floor, in the Rayburn Room of the House of Representatives, or in the Marble Room of the Senate, unless authorized to do so pursuant to rules adopted, or an authorization give, by that House; or (D)

utter loud, threatening, or abusive language, or engage in disorderly or disruptive conduct, at any place in the Grounds or in any of the Capitol Buildings with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress, or the orderly conduct in that building of a hearing before, or any deliberations of, a committee of Congress or either House of Congress; and

c. Title 40 U.S.C. § 5104(f)(2): Unlawful Activities on Capitol Grounds; A person may not display in the Grounds a flag, banner, or device designed or adapted to bring into public notice a party, organization or movement.

6. The statements contained in this affidavit are based in part on: information provided by FBI Special Agents, Task Force Officers and FBI Analysts, written reports about this and other investigations that I have received, directly or indirectly, from other law enforcement agents, information gathered from the results of physical surveillance conducted by law enforcement agents, reporting by eye witnesses, independent investigation and analysis by FBI agents/analysts and computer forensic professionals, and my experience, training and background as a Deputy U.S. Marshal. Because this affidavit is being submitted for the limited purpose of securing a criminal complaint, I have not included each and every fact known to me concerning this investigation. Instead, I have set forth only the facts that I believe are necessary to establish the necessary foundation for the requested complaint.

## JURISDICTION

7. This Court has jurisdiction to issue the requested warrant because it is a "court of competent jurisdiction" as defined by 18 U.S.C. § 2711. 18 U.S.C. §§ 2703(a), (b)(1)(A), and (c)(1)(A). Specifically, the Court is "a district court of the United States . . . that – has jurisdiction

over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i). As discussed more fully below, the U.S. Attorney's Office for the District of Columbia is investigating this case, which, among other things, involves possible violations of violated Title 18 U.S.C. § 1752, Restricted Buildings or Grounds; Title 40 U.S.C. § 5104(e)(2)(A) and (D), Unlawful Activities on Capitol Grounds. Disorderly Conduct; and Title 40 U.S.C. § 5104(f), Unlawful Activities on Capitol Grounds, Parades, Assemblages and Display of Flags. The conduct at issue includes an overt act in the District of Columbia, in the form of entering into Congress on January 6, 2021, as part of a mob that disrupted the proceedings of Congress, engaged in property damage and theft, and caused physical injury.

## BASIS FOR PROBABLE CAUSE

8. The U.S. Capitol, which is located at First Street, SE, in Washington, D.C., is secured 24 hours a day by U.S. Capitol Police. Restrictions around the U.S. Capitol include permanent and temporary security barriers and posts manned by U.S. Capitol Police. Only authorized people with appropriate identification are allowed access inside the U.S. Capitol.

9. On January 6, 2021, the exterior plaza of the U.S. Capitol was closed to members of the public.

10. On January 6, 2021, a joint session of the United States Congress convened at the United States Capitol, which is located at First Street, SE, in Washington, D.C. Specifically, elected members of the United States House of Representatives and the United States Senate were meeting in separate chambers of the Capitol to certify the vote count of the Electoral College of the 2020 Presidential Election, which had taken place on November 3, 2020. The joint session began at approximately 1:00 p.m. Vice President Mike Pence was present and presiding in the Senate chamber.

11. With the joint session underway and with Vice President Pence presiding, a large crowd gathered outside the U.S. Capitol. Temporary and permanent barricades surround the exterior of the U.S. Capitol building, and U.S. Capitol Police were present and attempting to keep the crowd away from the Capitol building and the proceedings underway inside.

12. At approximately 2:00 p.m., certain individuals in the crowd forced their way through, up, and over the barricades and officers of the U.S. Capitol Police, and the crowd advanced to the exterior façade of the building. At such time, the joint session was still underway and the exterior doors and windows of the U.S. Capitol were locked or otherwise secured. Members of the U.S. Capitol Police attempted to maintain order and keep the crowd from entering the Capitol; however, at approximately 2:15 p.m., individuals in the crowd forced entry into the U.S. Capitol, including by breaking windows. Shortly thereafter, members of the United States House of Representatives and United States Senate, including the President of the Senate, Vice President Pence, were instructed to—and did—evacuate the chambers. Accordingly, the joint session of the United States Congress was effectively suspended until approximately 8:00 p.m.

13. During national news coverage of the aforementioned events, video footage, which appeared to be captured on mobile devices of persons present on the scene depicted evidence of scores of individuals inside the U.S. Capitol building, without authority to be there, in violation of Federal laws.

14. United States Capitol Police ("Capitol Police") learned that individuals entered the restricted floor area of the Senate chambers and took photographs of the evacuation of the Senate chambers that were required based on the unauthorized entrance. Upon making entry, individuals were observed carrying signs, flags, banners, and other items not authorized to be carried in the Senate chambers. The individuals gaining unauthorized access to the Senate chambers were also

observed using smart cellular telephones and other electronic recording and storage devices to record, photograph, and broadcast their actions over social media.

15. Those photos and electronic images were circulated on numerous news media platforms, some of which showed an individual holding a sign reading, in part, "The Children Cry Out for Justice," and pointing a smart cellular telephone device at an individual occupying the seat of the Vice President of the United States. The female appears to be holding the digital media device in a manner consistent with taking photographs or videos, both of which are capable of being digitally stored and disseminated. The female was also wearing a red winter coat and distinctive pants that appeared to have the name "Trump" and other words written on the leg.

16. On or about January 8, 2021, via a Twitter post, the Cleveland Division of the FBI received an anonymous tip that Christine PRIOLA was the female depicted in the photographs described above. In the Twitter post photograph, PRIOLA is seen standing inside the U.S. Senate Chambers holding a sign under one arm and mobile (smart) phone. She is wearing a red coat and distinctive pants. The Twitter post also identified PRIOLA as being employed with the Cleveland Metropolitan School District (CMSD).

17. Also on or about January 8, 2021, I identified PRIOLA as Christine Marie PRIOLA of Willoughby, Ohio, by comparing photographs from the Ohio Law Enforcement Gateway with photographs from January 6, 2021. I received verification from the CMSD that PRIOLA resigned from her position with the CMSD in a letter dated January 7, 2021.

18. Based on the information described above, a search of PRIOLA's house was authorized on January 8, 2021 by a judicial officer in the U.S. District Court for the Northern District of Ohio. On January 8, 2021, law enforcement agents executed a search warrant at PRIOLA's residence and recovered a laptop computer; two desktop computers; several thumb

drives; and an Apple iPhone. I am further informed that agents recovered clothing, a sign, and other materials consistent with the photographs of PRIOLA taken on January 6, 2021.

19.     During the search, PRIOLA directed agents to the kitchen where she gave them the above-identified iPhone and confirmed it was hers. Subsequent forensic examination confirmed that the T-Mobile account associated with the iPhone was registered in PRIOLA's name.

20.     During a subsequent search of PRIOLA's Apple iPhone on or about January 12, 2021, agents were unable to recover data for photos, videos, chats, or messages from approximately January 4 through January 7, 2021. Agents also were unable to recover device location data for January 6, 2021, from 5:40AM to 4:17PM. At the same time, agents were able to recover device location data for January 6, 2021, at 4:23PM. This data indicated that the device was utilizing a WiFi system located at GPS coordinates (38.892002, -77.006646). According to Google Maps, these coordinates correspond to a location just northeast of the U.S. Capitol building.

21.     Based on my training and experience, and my knowledge of the facts uncovered in this investigation to date, I believe that at no time on or before January 6, 2021, was PRIOLA granted permission or authorized by rule to enter or remain on the floor of either House of Congress, nor did she, at any time, have authorization to assemble, display flags, or parade on the Grounds or in the Capitol Building.

## **CONCLUSION**

22.     Based on the above factual allegations, I submit that probable cause exists to believe that CHRISTINE PRIOLA, has violated Title 18 U.S.C. § 1752, Restricted Buildings or Grounds; Title 40 U.S.C. § 5104(e)(2)(A) and (D), Unlawful Activities on Capitol Grounds;

Disorderly Conduct; and Title 40 U.S.C. § 5104(f), Unlawful Activities on Capitol Grounds, Parades, Assemblages and Display of Flags.

Respectfully submitted,

_____
DAVID KASULONES
Deputy United States Marshal
United States Marshals Service

Sworn to via telephone after submission by reliable electronic means, Fed. R. Crim. P. 3, 4(d), and 4.1, on this \_\_\_\_, day of January 2021.

G. Michael Harvey
2021.01.13 21:42:19 -05'00'

_____
HONORABLE **G. MICHAEL HARVEY**
UNITED STATES MAGISTRATE JUDGE